THE PHILLIPSBURG ELECTRIC LIGHTING, HEATING AND POWER COMPANY, PROSECUTOR, v. THE INHABITANTS OF THE TOWN OF PHILLIPSBURG, DEFENDANT.

Submitted March 27, 1901—Decided June 10, 1901.

1. A common council cannot repeal an ordinance granting permission to an electric light company to place its poles and stretch its wires on all the streets and alleys of the town when the company has

conformed to the conditions of the ordinance so far as required, and has expended money in placing the poles and wires on certain of the streets, notwithstanding the common council may have been misled in passing the ordinance.

2. That the officers, managers and stockholders of the company are different individuals from those who were stockholders when the permission was granted gives no ground for the repeal of the ordinance.

3. If the corporation is violating its charter or the laws of the state it is liable to a proceeding to forfeit its charter, but the ordinance of the common council granting permission to erect poles and string wires cannot for that reason be repealed.

On *certiorari.*

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the prosecutor, *Sylvester C. Smith.*

For the defendant, *Irwin W. Schultz.*

The opinion of the court was delivered by

GARRETSON, J. By an ordinance approved August 24th, 1896, the common council of the town of Phillipsburg passed an ordinance permitting the prosecutor to place its poles and stretch its wires on each and every street and alley in the town for the purpose of conducting electricity through the town; the ordinance prescribed the character of the poles and the manner of stringing the wires and the supervision under which they should be erected; it also required certain services to be performed by the company for the town in consideration of the permission granted, and provided for the filing of an acceptance of the ordinance. The acceptance of the ordinance was duly filed as required.

In the spring of 1899 the company built more than a mile of a pole and wire line in Phillipsburg, and there is evidence to show that this was done under the supervision of the committee on streets and alleys, as provided in the ordinance, and made contracts for over eight hundred lights for private consumers, and the first lights were used in April, 1899, and

have continued to be used ever since. There is nothing to show that the prosecutor has in any way refused to perform for the town the services required by the ordinance. On the 15th of October, 1900, the common council passed another ordinance repealing the foregoing ordinance, and this writ is brought to test the legality of that municipal action.

We think that this question is settled by the cases of *Hudson Telephone Co.* v. *Jersey City,* 20 *Vroom* 303, and *Suburban Electric Light and Power Co.* v. *East Orange,* 41 *Atl. Rep.* 865, which hold that permission granted by a common council under like circumstances to this was, after acceptance and expenditure of money under it, irrevocable.

The proceedings leading to the passage of the original ordinance cannot be reviewed by this writ nor can we now look into the considerations which influenced the members of the council to vote for it. It is an attack upon it in a collateral proceeding; fraud or misrepresentation is not sufficient to avoid the act of a legislative body, even if proved. *Jersey City and Bergen Railroad Co.* v. *Jersey City and Hoboken Horse Railroad Co.,* 5 *C. E. Gr.* 61, 76.

That the stockholders, officers and managers of the company are now persons different from those who were its stockholders, officers and managers when the permission was granted, could not afford a reason for the repeal of the ordinance granting permission; the permission was to the corporation, not to the individual members thereof. If the corporation is not complying with the terms of the permitting ordinance, obedience thereto should be enforced by appropriate proceedings. But if the ordinance was repealed it could not be remade; the repeal of the ordinance would not accomplish such obedience, but would be the imposition of a penalty for failure to comply therewith, and no such penalty is anywhere authorized.

If the corporation is engaged in acts not warranted by its charter or in violation of the laws of the state, that is a matter in which the state is concerned, and a proceeding to forfeit its franchise would be the appropriate remedy. *Eliza-*

*bethtown Gas Light Co.* v. *Green,* 1 *Dick. Ch. Rep.* 118; *Attorney-General* v. *American Tobacco Co.,* 10 *Id.* 352.

This repealing ordinance must be set aside.